JUDGMENT

PER CURIAM.
This petition was considered on the record from the Occupational Safety and Health Review Commission and on the briefs filed by the parties. It is
ORDERED AND ADJUDGED that the petition for review be denied for the reasons stated in the memorandum accompanying this judgment.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.
MEMORANDUM
We are obligated to defer to the agency’s interpretation of its own regulations unless such interpretation is contrary to the plain meaning of the regulation or is otherwise unreasonable. Fabi Constr. Co. v. Secretary of Labor, 508 F.3d 1077, 1080 (D.C.Cir.2007) (quoting 5 U.S.C. § 706(2)(A)).
While, as petitioner suggests, it is arguably reasonable to include post-harvest processing facilities within the definition of “agricultural operations,” 29 C.F.R. § 1928.21(b), it is equally reasonable to exclude such facilities from the definition, as does the Secretary’s interpretation of the term. “Agricultural operation” is left undefined by the regulations and does not unambiguously foreclose either of the competing interpretations. It is irrelevant that “without the Parma shed, [petitioner] could not conduct its onion business.” Pet. Br. at 10. Whatever the best interpretation of “agricultural operations” may be— and it is not for us to decide that question' — the definition is not dependent upon the contingent details of the petitioner’s business model.
Similarly, the Secretary’s determination that the term “agriculture employment” must be read as coextensive with its interpretation of “agricultural operations” is not unreasonable. The general industry “LOTO” standard at issue does not apply to “construction, agriculture[,] and mari *10 time employment.” 29 C.F.R. § 1910.147(a)(l)(ii)(A). If the activities undertaken at the Parma shed are not “agricultural operations,” it follows logically that the employees engaged in such activities are not in “agriculture employment.” Other reasonable or even better interpretations may exist, but that possibility does not undermine the reasonability of the Secretary’s chosen interpretation. See, e.g., Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 702, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991) (“It is axiomatic that the Secretary’s interpretation need not be the best or most natural one by grammatical or other standards. Rather, the Secretary’s view need be only reasonable to warrant deference.”).